UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN ARTHUR LACY,

                Movant,

      -against-

WARDEN PETRUCCI, F.C.I. OTISVILLE,

                Respondent.

20-CV-4962 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Movant Stephen Arthur Lacy, currently incarcerated in F.C.I. Otisville, brings this *pro se* petition under 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence entered in *United States v. Lacy*, No. 04-CR-0040 (MR) (WCM) (W.D.N.C. December 20, 2005), *aff'd.*, No. 05-5231 (4th Cir. Dec. 21, 2006). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Fourth Circuit.

The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Movant has already challenged this conviction and sentence by filing a § 2255 motion. That motion was denied on the merits by the United States District Court for the Western District of North Carolina. *United States v. Lacy*, No. 08-CV-0065 (LHT) (W.D.N.C. May 20, 2008). On May 16, 2016, Movant filed a motion for permission to file a second or successive § 2255 motion, and that motion was granted. *In re: Stephen Lacy*, No. 16-799 (4th Cir. June 2, 2016). This subsequent motion, seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), was denied. *See Lacy v. United States*, No. 16-CR-0210 (MR) (W.D.N.C. Dec. 12, 2019). On March 12, 2020, Movant filed another motion for permission to file a successive § 2255 motion, and

that motion was denied. *In re: Stephen Lacy*, No. 20-176 (4th Cir. June 8, 2020). On June 26, 2020, one day after Movant filed this action, he filed yet another motion in the United States Court of Appeals for the Fourth Circuit, seeking permission to file a successive § 2255 motion, and that motion is pending. *In re: Stephen Lacy*, No. 20-357 (4th Cir. filed June 26, 2020)

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Movant has already filed two § 2255 motions that were decided on the merits, this application is recharacterized as a successive § 2255 motion.

Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Movant has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Movant must request permission to pursue this motion from the United States Court of Appeals for the Fourth Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Fourth Circuit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Movant and note service on the docket.

In the interest of justice, the Court transfers this successive § 2255 motion to the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 1631. *Accord Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive

§ 2255 motions should be transferred to the appropriate court of appeals). This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:    July 1, 2020
          New York, New York

_____
        COLLEEN McMAHON
   Chief United States District Judge